Green, J.
delivered the opinion of the court.
This is an action of covenant, brought by the plaintiffs, on an injunction bond executed by the defendants. The condition of the bond, as set out in the declaration, is in the following words:
“The condition of the above obligation is such that, whereas the above named Charles M. Partee, has this *326 day filed, in the chancery court at Columbia, a bill of injunction, and has obtained from Honorable Terry H. Cahal, a fiat for an injunction to issue to the sheriff of Maury county, to enjoin the said Moore and Newell from erecting a dam and mill on Knob creek, in Maury county, near the residence of the said Charles M. Partee, as described in the bill of complaint, to which reference is here made.
Now, if the said Charles M. Partee shall prosecute his said bill with effect, or on failure thereof, shall abide by, perform, and fulfil the decree of our said chancery court made therein, or on failure to prosecute the same successfully, shall pay all costs and damages that may accrue by reason thereof, and also to pay all damages that said defendants may sustain, by reason of the obtaining the injunction to stop the erection of the mill dam, and nuisance complained of, then this obligation to be void, otherwise to remain in full force and virtue.”
The declaration avers, that the defendants procured a writ of injunction to issue, and caused the same to be served upon the plaintiffs, by means whereof they were stopped in the erection of said mill dam, for the space of ten months; and that the defendant, Partee, did not prosecute his said suit with effect, but dismissed the same, by reason whereof he became bound to pay the damages sustained in consequence of the suing out said injunction; which damages defendants have not paid.
The defendants pleaded “ covenants performed.” On the trial the jury found for the plaintiffs, six hundred dollars, damages. The defendants moved in arrest of judgment, which motion was sustained by the court, *327 and the judgment was arrested; from which judgment, plaintiffs appealed to this court.
It is now contended, in support of the judgment of the circuit court, that this declaration contains no sufficient assignment of a breach of the covenant, in order to entitle the plaintiffs to recover; that the declaration should have alleged, that the injunction was wrongfully or maliciously sued out; that unless the process was sued out without probable cause, the plaintiff ought not to recover; and that the bond ought to be construed as if the word “wrongfully” were inserted in it.
We cannot yield our assent to these propositions. There is no statute prescribing the condition of injunction bonds of this sort; and it is in the discretion of the chancellor, to dictate the terms upon which he will award this extraordinary process. If the party applying for the injunction is not willing to be bound in the terms prescribed by the chancellor, he may decline to execute the bond, and may resort to some other remedy. But if he chooses to execute the bond, with the covenants required, and those covenants are broken, he has no right to complain that he is required to pay the damages his adversary may have sustained. And the interference by injunction to prevent erections which are in progress, is the exercise of a very high power; and when invoked on the statement of one of the parties only, ought not to be exercised except upon a strong case, made out in the bill; and not then, without ample indemnity to the other party, for any loss he may sustain, if the complainant shall fail to support his bill by proof. In such case, the loss, that a party must sustain, by suspending his work, ought to be borne by him who obtains the injunction, unless he succeeds in his bill, *328 upon the final hearing. We think, therefore, that bonds conditioned as the one before us is, ought, in many cases, to be required, and that in this case it was properly taken.
But if we differed from the chancellor, as to the propriety of requiring such a bond, still, we hold, that it is in his discretion to do so, and that the bond having been executed by the parties to this action, they are liable, if they have broken the covenants expressed in it. They have bound themselves to the performance of the conditions written, and they have no right to require that the declaration shall allege other conditions, not inserted nor implied. Indeed, such a declaration would be framed, partly on the covenant, and partly on the common law doctrine in relation to malicious prosecutions ; and the action would be partly in covenant, and partly in case; an anomaly in legal proceedings.
The only question therefore, is, whether this covenant creates a valid legal obligation? If so, as it is correctly set out, and the breaches are properly assigned as to all the conditions, and covenants expressed, there is no reason for arresting the judgment.
Reverse the judgment, and give judgment for the plaintiffs. below on the verdict.